JOSEPH M. PRAY and RICHARD INGRAHAM, as Exe-
cutor, etc., of JOHN DIKEMAN, Deceased, Appellants,
v. JOSEPH HEGEMAN, as Executor and Trustee, etc., of
AUSTIN D. MOORE, Deceased, and Others, Respondents.

*Trust — direction for accumulation of income during minority of beneficiary — the
amount accumulated may be added to the principal on his arrival at majority.*

Appeal from a judgment in favor of the defendants, entered
upon the trial of this action by the court, without a jury.

This action was originally brought in the lifetime of John Dike-
man and Austin D. Moore, Jr., by John Dikeman, as plaintiff,
against Austin D. Moore, Jr., and Joseph Hegeman, as executor
and trustee of and under the will of Austin D. Moore, Sr. It was
in the nature of a creditor's action to reach a certain fund in the
hands of defendant Hegeman, as such executor and trustee, amount-
ing to upwards of $27,000, claimed by the plaintiff to belong to
Austin D. Moore, Jr., and apply it to the payment of certain judg-
ments in favor of the plaintiff against said Austin D. Moore, Jr.,
amounting to about $7,000, on which the remedy at law had been
exhausted.

The fund sought to be reached consisted of accumulations of
income, rents and profits, made by said Hegeman, as such executor
and trustee, during the minority of Austin D. Moore, Jr., pursuant
to the directions contained in the will of Austin D. Moore, Sr.,
upon the share of the testator's estate held in trust for said Austin
D. Moore, Jr.

The main question in the case was whether the said accumulations
belonged to the judgment debtor, Austin D. Moore, Jr.; that
question depending upon whether the direction for the accumula-
tion in the will was void.

The testator, after providing for the creation of trusts for such
of his children as might survive him, and the payment to them of
specified sums during their minority out of the income of the
estate, directed: "And the balance of such income shall, from
time to time, be added to the share or sub-share from which the
same proceeded, and accumulated as principal until he or she arrives

at the age of twenty-one years, after which period the whole of such income shall be paid over, quarter-yearly, to such child."

The court at General Term said: "The question involved in this case was decided in *Meserole* v. *Meserole* (1 Hun, 66). By section 37 of chapter 1, part 2, title 2, Revised Statutes, accumulations are permitted for the benefit of minors in being at the creation of the trust, and terminating at the expiration of their minority. In *Meserole* v. *Meserole* (*supra*), the direction was to add the accumulation to the principal, and thereby to make one fund, at the expiration of the minority. The General Term of the First Department held this a valid direction, as being for the benefit of the infant.

"The true construction of the will of Austin D. Moore, deceased, requires a new principal to be made up of the original share of Austin D. Moore, Jr., and of the accumulation accruing during his minority, 'and the balance of such income shall, from time to time, be added to the share or sub-share from which the same proceeded, and accumulated as principal until he or she arrives at the age of twenty-one years.' The subsequent words, giving the 'whole of such income,' were intended to mean the income upon the new principal made up by the addition directed by the will to the original share."

The judgment should be affirmed, with costs.

*J. T. Marean*, for the appellants.

*Smith & Woodward*, for Hegeman, respondent.

*Coudert Bros.*, for Holden, guardian *ad litem*, respondent.

*H. M. Whitehead*, for G. M. Lyon, respondent.

*D. B. Thompson*, for Sarah M. P. Moore, respondent.

*Tracy, Catlin & Hudson*, for John Hudson, guardian *ad litem*.

Opinion by BARNARD, P. J.; DYKMAN, J., concurred; CULLEN, J., dissenting.

Judgment affirmed, with costs.